# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex, | Case No. 2:24-cv-02195-JAD-BNW |
| Plaintiff, | |
| v. | **Order and Report and Recommendation** |
| D. Matthew Lay, | |
| Defendants. | |

Pro se plaintiff brings this civil-rights case against criminal defense attorney Matthew Lay. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, his request to proceed *in forma pauperis* will be granted. The court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

**A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Plaintiff's Allegations**

Plaintiff alleges several actions (and inactions) on the part of his criminal defense attorney, Matthew Lay, which (according to Plaintiff) exposed him to unconstitutional acts. These acts include: (1) failing to convey to the State of Nevada that Plaintiff had changed his name, (2) failing "to file any motions, defenses, or objections" during the course of the case, (3) acting in concert with the State of Nevada to allow "the State to conduct a baseless competency evaluation" and coercing him to enter into a plea agreement, (4) not representing him during a preliminary hearing, and (5) not allowing him to represent himself. In turn, he brings the following causes of actions against the Defendant: I. Ineffective Assistance of Counsel (42 U.S.C. § 1983), II. Violation of Plaintiff's Right to Self-Representation (42 U.S.C. § 1983), III. Negligence, and IV. Collusion and Acts of Terrorism (18 U.S.C. § 2331 and N.R.S. § 202.445).

**C. Screening**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . " Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived

plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted). Plaintiff's complaint appears to seek relief for alleged violations of his Sixth, Eighth, and Fourteenth Amendment rights

### i. Claims I-III

At bottom, these three claims are all claims for Ineffective Assistance of Counsel—as the failure to advocate for Plaintiff's right to represent himself in a criminal proceeding and any negligent acts on the part of defense counsel fall under that same umbrella. Thus, the Court recommends that Claims II and III be dismissed without leave to amend as duplicative.

More importantly, none of these claims can be brought against Matthew Lay. A threshold requirement for proceeding with any 42 U.S.C. § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a private criminal defense attorney does not act under color of state law. *See, e.g.*, *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act").[1] Thus, Plaintiff cannot state a § 1983 claim against Attorney Lay.

Plaintiff's ineffective assistance of counsel claim is not properly brought as a Section 1983 claim but must be brought in a habeas corpus petition under 28 U.S.C. 2254, which addresses "a person in custody pursuant to the judgment of a State court . . . on the grounds that he is in custody in violation of the Constitution or laws . . . of the United States." Specifically, Section 2254 is the mechanism for bringing an ineffective assistance of counsel claim. *Ruffa v. McDaniel*, No. 2:09-cv-02258-KJD-PAL, 2010 WL 4703609, *1, 4 (D. Nev. Nov. 10, 2010) ("The Antiterrorism and Effective Death Penalty Act . . . at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition . . . alleg[ing] that [petitioner's] conviction and/or sentence is unconstitutional based on the violation of his Sixth Amendment

---

[1] The result would be the same if Matthew Lay had acted in the role of a public defender. *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

right to effective assistance of counsel."). As a result, the Court recommends that Claim I be dismissed without leave to amend.

### ii. Claim IV

Title 18 U.S.C. § 2331 is the definitions section for federal crimes that fall under that chapter. N.R.S. § 202.445 is a criminal state statute. Plaintiff has not demonstrated that there is a private right of action under any of the statutes he relies upon that would allow him to bring a suit to enforce them. *See, e.g.*, *Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A.*, 511 U.S. 164, 190 (1994) (expressing "reluctan[ce] to infer a private right of action from a criminal prohibition alone" and refusing to "infer a private right of action from 'a bare criminal statute' "); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 (1973) ("[I]n American jurisprudence. . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). None of these statutes expressly provide for a private right of enforcement and, as a general rule, it is only under rare circumstances that courts will imply a private right of action to enforce criminal laws. As a result, this Court recommends this claim be dismissed with prejudice.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that the following claims be dismissed without leave to amend:
- I. Ineffective Assistance of Counsel (42 U.S.C. § 1983);
- II. Violation of Plaintiff's Right to Self-Representation (42 U.S.C. § 1983);
- III. Negligence.

**IT IS FURTHER RECOMMENDED** that Claim IV—Collusion and Acts of Terrorism (18 U.S.C. § 2331 and N.R.S. § 202.445) be dismissed with prejudice.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 3, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE