|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| Mr. Clayton-M Bernard-Ex,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Mattthew Lay,<br><br>                    Defendants. | Case No. 2:24-cv-02195-JAD-BNW<br><br>**REVISED SCREENING ORDER AND REPORT AND RECOMMENDATION** |

This Court previously entered a Screening Order and Report and Recommendation. ECF No. 7. The Court has reviewed Plaintiff's objection (ECF No. 9) and has reconsidered its prior ruling. LR 59-1. As a result, this Court vacates the Report and Recommendation at ECF 7. In turn, Plaintiff's objection at ECF No. 9 will be deemed moot.

* * *

Pro se plaintiff brings this civil rights case against criminal defense attorney Matthew Lay. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, his request to proceed *in forma pauperis* will be granted. The court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

I.     **ANALYSIS**

       **A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Plaintiff's Allegations**

Plaintiff alleges several actions (and inactions) on the part of his criminal defense court-appointed attorney, Matthew Lay, which (according to Plaintiff) exposed him to unconstitutional acts. These acts include: (1) failing to convey to the State of Nevada that Plaintiff had changed his name; (2) failing "to file any motions, defenses, or objections" during the course of the case; (3) acting in concert with the State of Nevada to allow "the State to conduct a baseless competency evaluation" and coercing him to enter into a plea agreement under duress; (4) not representing him during a preliminary hearing; and (5) not allowing him to represent himself. In turn, he brings the following causes of actions against the Defendant: I. Ineffective Assistance of Counsel (42 U.S.C. § 1983), II. Violation of Plaintiff's Right to Self-Representation (42 U.S.C. § 1983), III. Negligence, and IV. Collusion and Acts of Terrorism (18 U.S.C. § 2331 and N.R.S. § 202.445).

**I.     Claim I: Ineffective Assistance of Counsel (42 U.S.C. § 1983)**

Plaintiff alleges that Mr. Lay failed to provide effective legal representation by, for example, failing to file motions or attend the preliminary hearing. In turn, he alleges Mr. Lay violated his Sixth Amendment right to counsel.

A threshold requirement for proceeding with any 42 U.S.C. § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a court-appointed criminal defense attorney does not act under color of state law. S*ee Polk v. Dodson*, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); *see also Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests). Thus, Plaintiff cannot state a § 1983 claim against Attorney Lay.[1]

Moreover, Plaintiff's ineffective assistance of counsel claim is not properly brought as a Section 1983 claim. Claims for ineffective assistance of counsel are not recognized under § 1983, despite the statut"'s "literal applicability" to the Sixth Amendment, because specific appellate and habeas statutes apply. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). As a result, the Court recommends that this claim be dismissed without prejudice and without leave to ammend.

**II.     Claim II: Violation of Plaintiff's Right to Self-Representation (42 U.S.C. § 1983)**

Plaintiff alleges that Mr. Lay failed to advocate for Plaintiff's right to self-representation despite his explicit request (under *Faretta*) to do so. In turn, he alleges his Sixth Amendment right was violated. He also alleges, without any level of specificity, that Mr. Lay acted in concert with the prosecution.

---

[1] Even assuming Plaintiff alleges that Mr. Lay acted in concert with the prosecution for purposes of this claim, the Court would still recommend dismissal as the claim cannot be brought under § 1983.

This Court assumes for purpose of this discussion, and despite the fact that there are no factual allegations supporting such conclusion, that Mr. Lay was acting under color of state law based on the alleged collusion with the prosecution. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (cleaned up)).

As explained above, ineffective assistance of counsel claims are not properly brought under Section 1983. This claim, while entitled "violation to right to self-representation," is really an allegation that his counsel, Mr. Lay, was ineffective by not advocating for Plaintiff's right to represent himself. As a result, the Court recommends that this claim be dismissed without prejudice and without leave to ammend.

### III.    Claim IV: Collusion and Acts of Terrorism

Title 18 U.S.C. § 2331 is the definitions section for federal crimes that fall under that chapter. N.R.S. § 202.445 is a criminal state statute. Plaintiff has not demonstrated that there is a private right of action under any of the statutes he relies upon that would allow him to bring a suit to enforce them. *See, e.g.*, *Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A.*, 511 U.S. 164, 190 (1994) (expressing "reluctan[ce] to infer a private right of action from a criminal prohibition alone" and refusing to "infer a private right of action from 'a bare criminal statute'")[2]; *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence. . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). None of these statutes expressly provide for a private right of enforcement and, as a general rule, it is only under rare circumstances that courts will imply a private right of action to enforce criminal laws. As a result, this Court recommends this claim be dismissed with prejudice.

---

[2] *Central Bank* considered *Cort v. Ash*, 422 US 66 (1975), which is the case Plaintiff cited to in his objection and asked this Court to consider. ECF No. 9 at 3. The Supreme Court explained its reluctance to infer a private right of action from "a bare criminal statute." *Cent. Bank of Denv., N.A.*, 511 U.S. 164, 190 (1994) (*citing Cort v. Ash*, 422 U.S. 66, 80 (1975)).

### IV.     Claim III: Negligence

Plaintiff alleges that Mr. Lay owed him a duty of care to provide competent legal representation and breached this duty by failing to attend hearings, file motions, and protect him from coercion. In essence, this is a state claim for legal malpractice.

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. See *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir.2004).

Since Plaintiff must successfully state a federal claim to proceed with his case, this Court will not screen his potential state court claim at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### II.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's prior Screening Order and Report and Recommendation (ECF No. 7) is **VACATED**.

**IT IS RECOMMENDED** that the following claims be dismissed without prejudice and without leave to amend:

- Claim I: Ineffective Assistance of Counsel (42 U.S.C. § 1983);
- Claim II: Violation of Plaintiff's Right to Self-Representation (42 U.S.C. § 1983).

**IT IS FURTHER RECOMMENDED** that Claim IV—Collusion and Acts of Terrorism (18 U.S.C. § 2331 and N.R.S. § 202.445)—be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Claim III—Negligence—be dismissed without leave to amend.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 6, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE